MARK D. LONERGAN (State Bar No. 143622)
EDWARD R. BUELL, III (State Bar No. 240494)
erb@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
WELLS FARGO BANK, N.A.;
HSBC BANK USA, N.A.; and
FANNIE MAE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA — OAKLAND DIVISION

| | |
|---|---|
| NJAMBI MUNGAI,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WELLS FARGO BANK, N.A., a national association; HSBC BANK USA, N.A., a national association; FANNIE MAE, a governmental agency; and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No. C14-00289 DMR<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:　　April 24, 2014<br>Time:　　11:00 a.m.<br>Crtrm.:　 TBA<br>Judge:　 Hon. Magistrate Judge Donna M. Ryu<br><br>Action Filed:　　January 17, 2014 |

### NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT

PLEASE TAKE NOTICE that on Thursday, April 24, 2014, at 11:00 a.m., or as soon thereafter as counsel may be heard, in a courtroom to be assigned the Friday preceding the hearing date of the above-entitled Court, located in the Oakland Courthouse at 1301 Clay Street, Oakland, California 94612, before the Honorable Magistrate Judge Donna M. Ryu, defendants Wells Fargo Bank, N.A. ("Wells Fargo"), HSBC BANK USA, N.A. ("HSBC"), and Fannie Mae ("FNMA") – collectively referred to herein as "Defendants" – will, and hereby do, move to dismiss the Complaint filed by plaintiff Njambi Mungai ("Plaintiff"), based on Federal Rule of Civil Procedure 12(b)(6) on grounds that the Complaint fails to assert a claim upon which relief may be granted against Defendants. Defendants will also move and hereby do move, in the alternative, for a more definite statement of claims against Wells Fargo and HSBC pursuant to Rule 12(e).

This motion is based on this notice, the accompanying memorandum of points and authorities, the pleadings and records on file in this action, and any further briefs, evidence, authorities, or argument presented before or at the hearing of this motion. Defendants respectfully request an order dismissing Plaintiff's Complaint with prejudice.

DATED: February 13, 2014          SEVERSON & WERSON
A Professional Corporation

By:    /s/ *Edward R. Buell, III*
           Edward R. Buell, III

Attorneys for Defendants
WELLS FARGO BANK, N.A.; HSBC BANK USA, N.A.; and FANNIE MAE

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF RELEVANT FACTS ............................................................................... 1

III. LEGAL ARGUMENT ............................................................................................................ 3

    A. Standard for Motion to Dismiss ................................................................................. 3

    A. Plaintiff's Cause of Action for Fraudulent Inducement to Contract Fails as Pled ............................................................................................................................ 3

    B. Plaintiff's Claim for Breach of Implied Covenant of Good Faith Fails as Pled ............................................................................................................................ 6

    C. Plaintiff's Claim for Violation of Civil Code Section 2924(a) Fails as Pled ............ 7

    D. Plaintiff's ECOA Claim Fails as Pled. ....................................................................... 7

IV. ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT OF CLAIMS AGAINST WELLS FARGO ................................................................................. 8

V. CONCLUSION ....................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A.G. Edwards & Sons, Inc. v. Smith*,
    736 F.Supp. 1030 (D. Ariz. 1989)..................................................................................................8

*Agosta v. Astor*,
    120 Cal.App.4th 596 (2004)..........................................................................................................6

*Anderson v. District Bd. of Trs.*,
    77 F.3d 364 (11th Cir. 1996)........................................................................................................9

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1990).........................................................................................................3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ......................................................................................................................3

*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*,
    2 Cal.4th 342 (1992)......................................................................................................................6

*Cooper v. Picket*,
    137 F.3d 616, 627 (9th Cir.1997)..................................................................................................5

*Gregory v. Dillard's, Inc.*,
    565 F.3d 464 (8th Cir. 2009)........................................................................................................3

*Guz v. Bechtel Nat'l, Inc.*,
    24 Cal.4th 317 (2000).....................................................................................................................6

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.*,
    499 F.3d 1048 (9th Cir. 2007).......................................................................................................3

*MGIC Indem. Corp. v. Weisman*,
    803 F.2d 500 (9th Cir. 1986)........................................................................................................3

*Northstar Int'l v. Arizona Corp. Comm'n*,
    720 F.2d 578 (9th Cir. 1983)........................................................................................................3

*Pentalpha Macau Commercial Offshore, Ltd. v. Reddy, No. 03–5914 MMC*,
    2004 WL 2624001 (July 8, 2004) ................................................................................................5

*Rescuecom Corp. v. Google Inc.*,
    562 F.3d 123 (2nd Cir. 2009).......................................................................................................3

*Robertson v. Dean Witter Reynolds, Co.*,
    749 F.2d 530 (9th Cir. 1984)........................................................................................................3

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
  806 F.2d 1393 (9th Cir. 1986) ........................................................................................... 5

*Scott v. Ambani*,
  577 F.3d 642 (6th Cir. 2009) ............................................................................................. 3

*Vess v. CibaGeigy Corp. USA*,
  317 F.3d 1097 (9th Cir. 2003) ........................................................................................... 5

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
  578 F.3d 1016 (9th Cir. 2007) ........................................................................................... 3

**Statutes**

United States Code
  Title 15, § 1691 ............................................................................................................. 7, 8

Civil Code
  § 2924 ............................................................................................................................... 7

Code of Civil Procedure
  § 338 ................................................................................................................................. 7

ECOA ................................................................................................................................. 7, 8

Equal Credit Opportunity Act ................................................................................................ 7

**Other Authorities**

Federal Rules of Civil Procedure
  Rule 9 ................................................................................................................................ 5
  Rule 12 ..................................................................................................................... 3, 8, 9

## I. INTRODUCTION

Plaintiff Njambi Mungai ("Plaintiff") has filed the instant lawsuit regarding attempts to modify her loan that was secured by the real property located at 4962 Stoneridge Court, Oakland, California (the "Property"). Despite receiving the loan modification she sought following several months of default, Plaintiff now argues that she was induced into the modification. She files the instant action seeking to enjoin Defendants from proceeding with a foreclosure sale and to collect damages.

Each of the four causes of action against Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), HSBC BANK USA N.A. ("HSBC"), and Fannie Mae ("FNMA") – collectively referred to herein as "Defendants" – are without merit and are not supported by the facts. As a result, Plaintiff has failed to state a claim upon which relief can be granted.

As more fully described below, the Motion to Dismiss should be granted with prejudice and a Judgment of Dismissal should be entered as to Defendants.

## II. STATEMENT OF RELEVANT FACTS

According to the allegations of the Complaint, Plaintiff obtained a loan from Wells Fargo in or around July of 2006 to purchase the property. (Compl. ¶¶ 14 and 15.) In October of 2009, Plaintiff, who was seeking a more affordable monthly payment, decided to attend a Neighborhood Assistance Corporation of America ("NACA") event where she met a representative of Wells Fargo. (Compl. ¶17.)

Following the NACA event, Plaintiff received a letter from Wells Fargo on October 22, 2009, offering her a "forbearance plan" that would reduce her monthly payment from $4,756 to just $2,486 for a period of 3 months. (Compl. ¶18.) Plaintiff accepted the plan and made the 3 reduced payments called for in the agreement. (*Id.*)

On January 27, 2010, Plaintiff received a new "forbearance plan" from Wells Fargo calling for 3 monthly payments of $3,335.13. (Compl. ¶19.) Rather than accept the new plan, Plaintiff opted to submit a loan modification application to Wells Fargo. (*Id.*)

In May of 2010, Plaintiff re-applied for a loan modification and alleges that she was approved. (Compl. ¶22.) Plaintiff alleges that she was later told that she had not been approved

1 for a mod and would need to re-apply.  (*Id.*)

2       During June and July of 2010, Plaintiff received several calls from Wells Fargo informing her that she was late on her payments.  (Compl. ¶23.)  Plaintiff's August 2010 payment was returned on August 18, 2010.  (Compl. ¶24.)  When Plaintiff contacted Wells Fargo about the returned check, she was informed that "Wells Fargo would not accept any payments until Plaintiff had reinstated or modified her loan." (*Id.*)  Plaintiff opted to submit a loan modification application.  (*Id.*)

      Plaintiff alleges that between September and December 2010, she continued to submit payments that Wells Fargo continually rejected.  (Compl. ¶25.)  Based on Plaintiff's default on the loan, a Notice of Default was recorded on December 21, 2010 (the "NOD") indicating that Plaintiff was in arrears in the amount of $51,891.26. (Compl. ¶26.)

      In February of 2011, Wells Fargo sent Plaintiff a new "forbearance agreement" calling for monthly payments in the amount of $2,526 between February and May of 2011.  (Compl. ¶27.)  Plaintiff alleges that she made "all three payments" under this plan.  (*Id.*)

      In June of 2011, Plaintiff received a loan modification offer.  (Compl. ¶29.)  The modification reduced the monthly payment from $4,756 to $1,488 for 23 months – almost a 70% reduction in her monthly payment.  (Compl ¶¶ 18 and 29.)  Following the initial 23 months, the monthly payment would increase to $3,683.33 for four months before increasing in September 2013 to $4,823 for the remainder of the life of the Loan.  (*Id.*)  The principal balance was increased by $57,919.59 – a number consistent with the amount of arrears on the loan as indicated on the NOD from December 2010 listing arrears in excess of $50,000.  (*Id*; and *see* Compl. ¶26.)  Plaintiff expressed concerns over the terms of the loan but ultimately decided to accept the modification in August of 2011.  (Compl. ¶30.)

      As a result of the modification, the NOD was rescinded in September of 2011.  (Compl. ¶30.)  The Complaint contains no allegations following her acceptance of the modification in September 2011, nearly 2 and half years prior to the filing of this Complaint.

# III.  LEGAL ARGUMENT

## A.    Standard for Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may challenge the sufficiency of the statement of the claim for relief.[1]  In deciding a Rule 12(b)(6) motion, the Court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally."[2]  It need not, however, "accept as true a legal conclusion couched as a factual allegation."[3]

In addition to the facts set forth in the complaint, matters that are properly the subject of judicial notice may also be considered when deciding a motion to dismiss for failure to state a claim.[4]  In fact, the Court can disregard allegations in the complaint if such allegations are contradicted by facts which may be judicially noticed by the Court.[5]  One example would be the Court's consideration of matters of public record.[6]

Accepting only the factual allegations set forth in the plaintiff's complaint as true, the Court must decide whether plaintiff is entitled to some form of legal remedy.[7]  Granting a Rule 12(b)(6) motion to dismiss is proper where there is either a lack of a cognizable legal theory or the absence of sufficient facts to support a cognizable legal theory.[8]  A dismissal will also be proper if a complaint is vague, conclusory and fails to set forth material facts in support of the allegations.[9]

## A.    Plaintiff's Cause of Action for Fraudulent Inducement to Contract Fails as Pled

Plaintiff sets forth the elements of a cause of action for fraud: "(1) a false statement of a

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009); see also *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009); *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 496 (8th Cir. 2009).

[3] *Twombly*, 550 U.S. at 555.

[4] *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

[5] *Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F.3d 1016, 1021-22 (9th Cir. 2007).

[6] *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

[7] *Twombly*, 550 U.S. at 555.

[8] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); see also *Robertson v. Dean Witter Reynolds, Co.*, 749 F.2d 530, 534 (9th Cir. 1984).

[9] *Northstar Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).

1 material fact or intentional omission of the fact that should have been disclosed and knowledge on
2 the part of the defendant that the statement is untrue; (2) intent on the part of the defendant to
3 deceive; (3) justifiable reliance by the alleged victim on the statement; and (4) plaintiff suffered
4 damages." (Compl. ¶32.) The Complaint fails to state facts sufficient to plead these essential
5 elements. Consequently, this claim fails.

6 The threshold element for Plaintiff's claim is the existence of a misrepresentation or a false
7 statement. Though not entirely clear from the pleading, it appears that Plaintiff is arguing that a
8 representative of Wells Fargo misrepresented to Plaintiff that the "investor of Plaintiff's loan was
9 threatening to foreclose immediately if Plaintiff didn't accept the agreement." (Compl. ¶33.)
10 However, Plaintiff clearly misses the next step as she fails to state how this was a false statement.
11 Plaintiff was significantly in default on her loan – in excess of $50,000 in December of 2010 – and
12 the remedy for a breach of the loan is the power of sale via a foreclosure. Consequently, the
13 statement – even taken in the light most favorable to Plaintiff and least favorable to Defendants –
14 was in fact true. Plaintiff was in default and, if she did not accept the modification or cure the
15 default, the investor would enforce its remedy under the contract via a foreclosure sale. Just
16 because Plaintiff felt stress or anxiety over her position and pending foreclosure (a state which
17 does not equate to duress resulting in inducement) does not make the alleged statement false.
18 Absent a misrepresentation or false statement, there can be no claim for fraud.

19 To the extent that Plaintiff is actually claiming she was entitled to another review or a
20 different modification offer, there is simply no support for that position. Moreover, there is no
21 legal or statutory requirement that Wells Fargo provide Plaintiff with a modification, let alone a
22 better offer if she was not pleased with the original offer. Put simply, there was no inducement,
23 there was no false statement and there was no deceit by Defendants. There was merely an offer to
24 modify which Plaintiff did not like but ultimately decided to accept as her best option at avoiding
25 foreclosure. This is not actionable under any theory.

26 Paragraph 36 of the Complaint appears to argue that the terms of the modification were
27 different from Plaintiff's true intentions. Again, this is not supported by the facts contained in the
28 Complaint. More accurately, the modification offer was different from Plaintiff's hopes; however,

1  there is no factual support for the conclusive assertion that the ultimate terms were any different
2  from those that were initially offered and ultimately agreed to by Plaintiff.
3       In addition, Plaintiff has not and cannot plead damages as a result of the alleged fraud.
4  This is best demonstrated by her wholly conclusive and unspecific statement of damages in
5  paragraph 35 which includes destruction of her credit.  To the contrary, she received a
6  modification that reduced her monthly payment obligation by close to 70% for a period of 23
7  months (through September 2013).  How this significant reduction with no initial contribution
8  damaged Plaintiff is entirely unclear.
9       As a final matter, Plaintiff fails to plead her fraud claim with the required specificity.
10 Under Federal Rule of Civil Procedure 9(b), "[i]n alleging fraud . . . , a party must state with
11 particularity the circumstances constituting fraud[.]"  To meet this standard, the complaint must
12 allege "particular facts going to the circumstances of the fraud, including time, place, persons,
13 statements made and an explanation of how or why such statements are false or misleading."[10]
14 "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the
15 misconduct charged."[11]  With respect to allegations of fraud against a corporation, the heightened
16 particularity requirement requires the plaintiff to "identify[ ] the particular individual who engaged
17 in the culpable conduct on behalf of the corporate defendant."[12]  Plaintiff has not met this burden.
18      Based on the foregoing, the claim for fraudulent inducement to contract is deficient.
19 Moreover, the defects cannot be cured by amendment.  Therefore, the motion to dismiss should be
20 granted with prejudice.

---

[10] *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (noting that under Rule 9(b) "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.").

[11] *Vess v. CibaGeigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Picket,* 137 F.3d 616, 627 (9th Cir.1997)).

[12] *Pentalpha Macau Commercial Offshore, Ltd. v. Reddy*, No. 03–5914 MMC, 2004 WL 2624001, at *2 (July 8, 2004).

1 **B.     Plaintiff's Claim for Breach of Implied Covenant of Good Faith Fails as Pled**

2    Plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing
3 fails to state a claim because Plaintiff fails to identify any provision of her original loan agreement
4 or Deed of Trust as to which the covenant was breached.  "[I]t is universally recognized [that] the
5 scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and
6 express terms of the contract."[13]  The implied covenant cannot be invoked to "impose substantive
7 duties or limits on the contracting parties beyond those incorporated in the specific terms of their
8 agreement."[14] The implied covenant cannot be stretched to prevent what the contract expressly
9 permits.[15]

10   Plaintiff fails to identify any contractual obligation as to which Fefendants breached the
11 covenant of good faith and fair dealing.  Plaintiff vaguely alleges that Defendants had an
12 obligation "not to hinder or prevent Plaintiff's performance or prevent Plaintiff's ability to make
13 payments." (Compl., ¶ 40), that Defendants told Plaintiff she was in default when she wasn't
14 (Compl. ¶ 41), and refused to accept her payments (Compl. ¶42.)  However, Plaintiff relies solely
15 on conclusive statements that she never defaulted or missed a payment.  To the contrary, Plaintiff
16 pleads that she made all three payments under the October 2009 forbearance agreement which
17 ended in January 2010.  (Compl. ¶ 18.)  Other than pleading that she attempted to submit her
18 payments in the fall of 2010, Plaintiff does not make any allegations of successfully submitting a
19 payment after January of 2010, other than to conclusively state she was "sending her payments on
20 time every month."  (*See* Compl. ¶ 23.)  However, even this unsupported conclusive statement
21 implicitly suggests Plaintiff may not have made full and complete payments.  Once Plaintiff was
22 in default, partial payments not sufficient to cure the arrears would not need to be accepted –
23 something Plaintiff conveniently leaves out of her Complaint.  Regardless, Plaintiff does not

---

[13] *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal.4th 342, 373 (1992).

[14] *Agosta v. Astor,* 120 Cal.App.4th 596, 607 (2004); *accord, Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 349-50 (2000).

[15] *Carma Developers,* 2 Cal.4th at 374-75.

1 allege Defendants actually prevented Plaintiff from making her full monthly payment on time.

2 Based on the foregoing, Plaintiff has failed to plead facts sufficient to maintain a cause of
3 action.  She fails to identify the express terms of the contract giving rise to the implied covenant or
4 to demonstrate beyond unsupported conclusive assertions that she had fully performed under the
5 agreement.  Based on the foregoing, the motion to dismiss should be granted with prejudice.

6 **C.    Plaintiff's Claim for Violation of Civil Code Section 2924(a) Fails as Pled**

7 Plaintiff's claim is based on the recording of the NOD on December 23, 2010.  (Compl.
8 ¶46.)  However, Plaintiff admits in the Complaint that the NOD was rescinded in September of
9 2011.  (Compl. ¶30.)  Consequently, any alleged violation of the statute is moot, and the claim
10 fails.

11 Additionally, the claim is barred by the relevant statute of limitations.  Pursuant to Code of
12 Civil Procedure section 338, an action upon a liability created by a statute is three years.  The
13 alleged violation occurred on December 23, 2010.  The action was filed on January 17, 2014, more
14 than three years later.  Consequently, the claim is barred.

15 Finally, to the extent Plaintiff seeks damages based on the alleged violation, Plaintiff has
16 failed to allege how exactly she was damaged.  Moreover, as described at length above, Plaintiff
17 has also failed to adequately plead how the NOD was in fact inaccurate and therefore its
18 recordation was in fact a violation of Civil Code section 2924(a).

19 Based on the foregoing, the motion to dismiss should be granted with prejudice.

20 **D.    Plaintiff's ECOA Claim Fails as Pled.**

21 Plaintiff attempts to twist the language of the Equal Credit Opportunity Act ("ECOA") in
22 order to create a claim.  Plaintiff alleges that Defendants violated ECOA by failing to provide her
23 with an answer on her loan modification application within 30 days of its receipt.  (Compl. ¶51.)
24 However, in making this argument, Plaintiff ignores the language of the statute.

25 Specifically, Plaintiff claims that 15 U.S.C. § 1691(d)(1) "includes a loan modification
26 application" however she provides no support for this proposition.  Rather, the simple language of
27 §1691(d)(1) states: "Within thirty days … after receipt of a completed application for credit, a
28 creditor shall notify the applicant of its action on the application."  15 U.S.C. § 1691(d)(6) then

1 goes on to define the term "adverse action" as used in the Section. Plaintiff attempts to argue that
2 because subsection (d)(1) does not use the term "adverse," the language of (d)(6) which provides
3 an exception for borrowers in default does not apply. Applying this logic, 15 U.S.C. § 1691(d)(1)
4 only applies to applications for credit, and not a change in terms to existing credit – *i.e.,* a loan
5 modification. Put differently, either the default exception applies and the statute is not applicable
6 or a modification is not contemplated in 15 U.S.C. § 1691(d)(1), making it inapplicable to
7 Plaintiff's situation. Either way, the statute is not applicable and the claim fails.

8 Moreover, in order for there to be a violation, Plaintiff must allege facts to support
9 discrimination. Plaintiff's generic and conclusive statement that she is of African descent and
10 therefore is part of a protected class does not suffice. This blanket statement does not support a
11 showing of discrimination towards Plaintiff. Absent a discriminatory practice or act Plaintiff, has
12 not satisfied this element and therefore the claim fails.

13 Based on the foregoing, Plaintiff's attempt to twist the language of the statute to her
14 benefit does not create a violation of ECOA. As there was no violation of the statute, the claim
15 should be dismissed with prejudice.

**IV. ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT OF CLAIMS AGAINST WELLS FARGO**

18 Should any of Plaintiff's claims survive the Rule 12(b)(6) challenge, Defendants request,
19 in the alternative, that the Court require a more definite statement of her claims against them
20 pursuant to Federal Rule of Civil Procedure 12(e). Such a motion is appropriate when a defendant
21 is unable to determine from the complaint what issues it must address or a complaint "is so vague
22 or ambiguous that the party cannot reasonably prepare a response."[16]

23 That is the situation here with respect to Plaintiff's fraudulent inducement to contract,
24 breach of the covenant of good faith and fair dealing, Violation of Civil Code §2924, and
25 Violation of ECOA claims. Plaintiff makes only broad, conclusory statements, lacking the

---

[16] See Fed. R. Civ. P. 12(e); see also *A.G. Edwards & Sons, Inc. v. Smith*, 736 F.Supp. 1030, 1032 (D. Ariz. 1989).

1  "clarity and precision" required for the Defendants "to discern what the plaintiff is claiming and to
2  frame a responsive pleading."[17]  Accordingly, should Plaintiff's claims survive Defendants'
3  motion to dismiss, Defendants respectfully request that the alternative motion under Rule 12(e) be
4  granted.

## V.  CONCLUSION

For the reasons set forth herein, Defendants Wells Fargo and HSBC respectfully request that this Motion to Dismiss be granted as to each cause of action with prejudice.  In the alternative, Defendants respectfully request that the Court require a more definite statement of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(e).

DATED:  February 13, 2014

SEVERSON & WERSON
A Professional Corporation

By: /s/ *Edward R. Buell, III*
Edward R. Buell, III

Attorneys for Defendants
WELLS FARGO BANK, N.A.; HSBC BANK USA, N.A.; and FANNIE MAE

---

[17] *Anderson v. District Bd. of Trs.*, 77 F.3d 364, 366-67 (11th Cir. 1996).